[608 NYS2d 625]

In the Matter of MICHAEL I. SMITH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 24, 1994

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Michael I. Smith,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Respondent Michael I. Smith was admitted to the practice

of law in New York by the Appellate Division, First Judicial Department, on December 12, 1958.

By affidavit dated April 23, 1993, respondent seeks an order pursuant to 22 NYCRR 603.11 permitting him to resign as a member of the Bar of the State of New York. In compliance with 22 NYCRR 603.11, respondent states that this resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of his resignation. He further states that there is pending an investigation into allegations of misconduct arising from, *inter alia,* his plea of guilty on January 6, 1992, to a felony criminal charge in the United States District Court for the Eastern District of New York in Case No. 91 CR 1373, and he acknowledges that the material facts upon which the allegations of misconduct are predicated are true, in that he pleaded guilty to aiding and abetting others in the commission of mail fraud in violation of 18 USC §§ 3, 1341 *et seq.* In his affidavit he states that his plea of guilty was related to a scheme by two partners in his law firm, at which he himself was a partner from May 1988 to October 1989, to fraudulently inflate bills to a union client. Respondent met with union officials and presented to them a false story regarding substantial unlogged time for meetings and work.

Respondent acknowledges that, if charges were predicated upon the conduct under investigation, he could not successfully defend himself on the merits against such charges.

The Departmental Disciplinary Committee supports respondent's request for permission to resign.

Accordingly, respondent's request to resign from the Bar of the State of New York is granted on consent and his name is stricken from the roll of attorneys, effective immediately.

CARRO, J. P., ROSENBERGER, WALLACH, RUBIN and NARDELLI, JJ., concur.

Respondent's resignation from practice as an attorney and counselor-at-law in the State of New York is accepted and filed, effective February 24, 1994.