[678 NYS2d 251]

In the Matter of THOMAS J. CULHANE, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 29, 1998

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Stillman & Friedman, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Thomas J. Culhane, was admitted to the practice of law in the State of New York by the First Judicial Department on June 29, 1954. At all times relevant herein, re-

spondent has maintained an office for the practice of law within the First Judicial Department.

On June 9, 1998, respondent pleaded guilty to a Federal felony, conspiracy to commit mail fraud in violation of 18 USC §§ 371 and 1341 *et seq.*, before the United States District Court for the Eastern District of New York. Respondent admitted that he conspired with others to pay cash bribes through middlemen to insurance company employees in exchange for favorable consideration in connection with the settlement of personal injury claims and lawsuits.

In the instant motion, respondent seeks permission to resign from the New York State Bar pursuant to 22 NYCRR 603.11. In an affidavit dated July 13, 1998, respondent acknowledges that based on his guilty plea, there is now a disciplinary investigation into whether he has been guilty of misconduct, and that if charges predicated on the misconduct under investigation were brought against him, he could not successfully defend himself on the merits. Respondent additionally avers that his resignation is being freely and voluntarily rendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

22 NYCRR 603.11 (a) provides:

"An attorney who is the subject of an investigation into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court may submit his resignation by submitting to the Departmental Disciplinary Committee an affidavit stating that he intends to resign and that:

"(1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation;

"(2) he is aware that there is pending an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth; and,

"(3) he acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges, or that he cannot successfully defend himself against the charges in the proceedings pending in the court."

The affidavit of resignation submitted by respondent fully complies with the above requirements. The Departmental Disciplinary Committee supports respondent's request.

Furthermore, this Court has previously accepted the resignation of attorneys who pleaded guilty to Federal felonies (*e.g.,* *Matter of Smith*, 196 AD2d 109 [mail fraud]).

Accordingly, respondent's resignation is accepted and his name stricken from the roll of attorneys.

MILONAS, J. P., ROSENBERGER, WALLACH, ANDRIAS and SAXE, JJ., concur.

Motion to accept respondent's affidavit of resignation from practice as an attorney and counselor-at-law in the State of New York granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.