[767 NYS2d 628]

In the Matter of JOHN J. PERRONE (Admitted as JOHN JAY PERRONE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 4, 2003

## APPEARANCES OF COUNSEL

*Thomas J. Cahill* (*Raymond Vallejo* of counsel), for petitioner.
*John J. Perrone*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on July 30, 1984. He was also admitted in New Jersey in 1984 and currently has his principal place of business in New Jersey.

On February 10, 2000, respondent pleaded guilty to a one-count information filed in the United States District Court for the District of New Jersey, which charged mail fraud in violation of 18 USC §§ 1341 and 1342, a felony, for falsifying his wife's employment in order to obtain a mortgage in her name only. Based upon this conduct, the Supreme Court of New Jersey suspended respondent and he ceased practicing law, including in the State of New York. He has since been restored to the practice of law in New Jersey.

By order entered July 2, 2003 (M-836), this Court found the offense of which respondent was convicted to be a "serious crime," suspended respondent from the practice of law and directed that a Hearing Panel hold a hearing and issue a report and recommendation as to why a final order of censure, suspension or disbarment should not be made.

The Departmental Disciplinary Committee now asks this Court for an order, pursuant to Rules of this Court (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

In his affidavit of resignation, dated September 2, 2003, respondent acknowledges that based upon his foregoing plea to mail fraud, there is now an investigation into whether he has been guilty of misconduct. Respondent asserts that if charges were brought based upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges. He further states that his resignation is freely and voluntarily rendered, he is not being subjected to coercion or duress, and he is fully aware of the implications of submitting his resignation. Respondent also avers that he has not practiced in New York since he moved to New Jersey, he does not think he will be practicing in New York in the future, and he wants closure in his life and feels his resignation from the New York bar would be in the best interests of all concerned.

Rules of this Court (22 NYCRR) § 603.11(a) provides:

"An attorney who is the subject of an investigation

into allegations of misconduct or who is the subject of a disciplinary proceeding pending in the court may submit his resignation by submitting to the Departmental Disciplinary Committee an affidavit stating that he intends to resign and that:

"(1) his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation;

"(2) he is aware that there is pending an investigation or disciplinary proceeding into allegations that he has been guilty of misconduct, the nature of which shall be specifically set forth; and

"(3) he acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges, or that he cannot successfully defend himself against the charges in the proceedings pending in the court."

Respondent's affidavit of resignation fully complies with the foregoing requirements and, as the Committee points out, this Court has previously accepted the resignation of attorneys who have pleaded guilty to federal felonies (*see Matter of Culhane,* 247 AD2d 88 [1998]; *Matter of Smith,* 196 AD2d 109 [1994]).

Accordingly, the Committee's motion should be granted, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York.

TOM, J.P., ANDRIAS, ROSENBERGER, WILLIAMS and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to September 2, 2003.