[785 NYS2d 911]

In the Matter of KIRILL PERCY, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 16, 2004

By the Publisher's Editorial Staff

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Rochman Plazter Fallick Sternheim Luca & Pearl, LLP*. (*Barry M. Fallick* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kirill Percy was admitted to the practice of law in the State of New York by the First Judicial Department on June 3, 1996. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

On November 18, 2003, respondent was convicted, upon his guilty plea, in the United States District Court for the Southern District of New York, of conspiracy to defraud the United States in violation of 18 USC § 371, for his participation in a conspiracy to commit health care fraud and to falsify, conceal and cover up material facts and make and use false writings and documents in a matter involving a health care benefit program. This offense is a felony under the United States Code.

By order entered July 29, 2004, this Court found that the crime of which respondent had been convicted was a serious crime, suspended him pending further order of the Court and referred the matter for a hearing before a referee (*Matter of Percy*, 10 AD3d 66 [2004]).

The Departmental Disciplinary Committee now moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the role of attorneys, based on his inability to successfully defend himself on the merits against the charges that are the subject of the disciplinary investigation (*see Matter of Perrone*, 2 AD3d 35 [2003] [resignation accepted of attorney who pleaded guilty to a federal felony]).

Respondent has submitted an affidavit in compliance with the criteria of 22 NYCRR 603.11. In his affidavit, respondent acknowledges that there is a disciplinary proceeding against him based on his conviction, that he could not successfully defend himself against the charges, and that his resignation is voluntary, free from coercion or duress, and submitted with full knowledge of its implications.

In light of respondent's submission of an affidavit in full compliance with 22 NYCRR 603.11 (a), the Committee's motion for an order accepting respondent's resignation from the practice of law should be granted.

Accordingly, the Committee's motion for an order accepting respondent's resignation from the practice of law and striking his name from the roll of attorneys should be granted, and respondent's name stricken from the roll of attorneys.

TOM, J.P., ANDRIAS, SAXE, SULLLIVAN and MARLOW, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.