In the Matter of MITCHELL W. GOLDBLATT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 1987

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner, Departmental Disciplinary Committee (DDC) for the First Judicial Department, moves for an order striking respondent's name from the roll of attorneys (Judiciary Law § 90 [4] [b]), upon the ground that respondent was disbarred, as a result of his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

Respondent was admitted to practice by the Second Judicial Department on December 18, 1967. During the period he committed the acts of which he was convicted, respondent maintained an office for the practice of law within this Department.

On June 8, 1987, respondent was convicted, after trial, in the United States District Court for the Eastern District of New York, of multiple counts of embezzlement, in violation of 18 USC § 664; obstruction of justice, in violation of 18 USC §§ 1503 and 2; solicitation and receipt of kickbacks, while serving as counsel to an employee benefit plan, with intent to be influenced, in violation of 18 USC §§ 1954 and 2; and, of engaging in a racketeering conspiracy in violation of 18 USC § 1962 (d). Thereafter, on July 21, 1987, respondent was sentenced to imprisonment for a term of 6 years on count 1, 5 years on counts 2 and 3, and 3 years on each of counts 4 through 9, and 12 through 15; all counts to run concurrently with each count, and concurrently with count 1.

The DDC has presented (Judiciary Law § 90 [4] [b]) to this court a certified copy of the Federal judgment of conviction, dated July 24, 1987.

We note in passing that the DDC asserts that respondent has violated Judiciary Law § 90 (4) (c) and section 603.12 (f) of the rules governing the conduct of attorneys in the Appellate Division, First Judicial Department (22 NYCRR) (rules), since respondent has not filed a copy of the judgment of conviction with this court, or advised the DDC of his conviction.

Although respondent's counsel accepted service of the petition, no answer to the petition has been served, upon behalf of respondent.

Based upon our examination of the moving papers of the DDC, we find that the facts contained within them are insufficient to indicate that the crimes of which respondent stands convicted are mirror images of crimes denominated as felonies in the New York statutory scheme, but, nevertheless, the

crimes committed by respondent are at least "serious crimes", as defined by Judiciary Law § 90 (4) (d) and section 603.12 (b) of this court's rules.

Accordingly, we suspend respondent from the practice of law, pending a final order (Judiciary Law § 90 [f]); refer the matter to the DDC for hearing, report and recommendation (Judiciary Law § 90 [4] [h]); and direct respondent to show cause why a final order of suspension, censure or removal from office should not be made (Judiciary Law § 90 [4] [g]).

KUPFERMAN, J. P., ROSS, CARRO, KASSAL and ELLERIN, JJ., concur.

Petition granted insofar as to refer the matter to the Departmental Disciplinary Committee for the First Judicial Department for hearing, report and recommendation, and respondent directed to show cause why a final order of suspension, censure or removal from office should not be made, and pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York effective December 29, 1987, and until the further order of this court.