■ BIAGGIO CALDERARO, Respondent, v MARTIN LEHMAN, Appellant.—In an action to recover damages for medical malpractice, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated March 1, 1990, as denied his cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

In February of 1981 the plaintiff sustained an injury to his left forearm. As a result, the defendant performed remedial surgery thereon. Thereafter, the plaintiff visited the defendant regularly until September of 1981. In 1982 the plaintiff discovered that he had a carcinoma of the left shoulder. He returned to the defendant in October of 1983 and last visited him in November of 1983.

On or about May 6, 1988, the plaintiff commenced this action, alleging that at the time of the surgery in February of 1981 and thereafter the defendant knew of a "cystic condition" of the plaintiff's left shoulder and failed to inform him thereof. Subsequently, the plaintiff moved for summary judg-

ment and the defendant cross-moved for judgment dismissing the complaint. The court denied both motions.

On appeal the defendant contends that the court erred in denying his cross motion for summary judgment. We agree.

In this case the defendant has met his burden of establishing that the action was time-barred (see, CPLR 214-a). The plaintiff has failed to furnish evidentiary proof in admissible form to establish that the defendant intentionally concealed an act of malpractice regarding the condition of the plaintiff's shoulder, so as to warrant the application of the doctrine of equitable estoppel and preclude the defendant from asserting the Statute of Limitations (see, Simcuski v Saeli, 44 NY2d 442; Rizk v Cohen, 73 NY2d 98).

Furthermore, the plaintiff's contention that the proof presented established an intentional fraud is without merit (see, Simcuski v Saeli, supra). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.