In the Matter of DANIEL J. COOPER (Admitted as DANIEL JAMES COOPER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 16, 1992

## APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Andrew M. Lawler, P. C.,* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Daniel J. Cooper, was admitted to the practice of law in New York by the First Judicial Department on May 19, 1980 under the name Daniel James Cooper. At all times

relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On March 15, 1991 respondent pleaded guilty in the United States District Court for the Eastern District of New York to one count of conspiring to devise a scheme to defraud in violation of 18 USC § 371, which is a felony under the United States Code.

Although respondent has not yet been sentenced, CPL 1.20 (13) defines a conviction as occurring at the time of a guilty plea *(see, Matter of David,* 145 AD2d 150).

Respondent's conviction arose out of events which took place between May 1988 and April 1990, while he was a partner in the law firm of Meyerson & Kuhn. Respondent was retained by the United Food and Commercial Workers' (UFCW) Union in connection with the damages trial of a suit against Local 304 of the union.

During the course of his representation of UFCW respondent submitted false and fraudulent billing statements for legal services and disbursements.

By petition dated April 16, 1992, the Departmental Disciplinary Committee seeks an order determining that the crime which respondent has been convicted of is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent pursuant to Judiciary Law § 90 (4) (g) to show cause before the Departmental Disciplinary Committee which shall thereupon hold a hearing and issue a report and recommendation to the court, why a final order of censure, suspension or disbarment should not be made.

By cross motion dated June 8, 1992, respondent admits that the crime he has been convicted of is a "serious crime" as defined by the Judiciary Law and the rules of this court. Respondent also has no objection to an interim suspension pursuant to Judiciary Law § 90 (4) (f). Respondent states that he resigned from the law firm of Cooper, Stahl & Zelmanowitz as of May 1, 1991 and has not maintained an office for the practice of law since that time.

Respondent requests an order, pursuant to Judiciary Law § 90 (4) (h) granting an immediate hearing to determine whether or not any disciplinary sanction other than an interim suspension is warranted.

Accordingly, inasmuch as this is a serious crime, the motion

and cross motion should be granted and respondent should be suspended from the practice of law forthwith pursuant to Judiciary Law § 90 (4) (f) and until such time as the pending disciplinary proceeding has been concluded and until further order of this court. Respondent should be ordered to show cause why a final order of suspension, censure or removal should not be entered against him.

MURPHY, P. J., SULLIVAN, ELLERIN, KUPFERMAN and ROSS, JJ., concur.

Petition and cross motion are granted insofar as to: (1) deem the offense of which respondent stands convicted to a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) of the rules of this court; and (2) direct respondent to show cause why a final order of suspension, censure or removal from office should not be made and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective forthwith, and until the further order of this court.