[638 NYS2d 1]

In the Matter of RICHARD W. WOODWARD (Admitted as RICHARD WAYNE WOODWARD), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 1996

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Richard W. Woodward, was admitted to the

practice of law in New York by the First judicial Department on August 6, 1990, under the name Richard Wayne Woodward.

On June 28, 1995, respondent pleaded guilty in the United States District Court, Southern District of New York, to the charge of conspiracy to commit securities fraud, in violation of 18 USC § 371, which constitutes a felony under the United States Code. Respondent admitted that while he worked as an associate at Cravath Swaine & Moore, he had access to confidential information which he passed on to his brother and a third party that was then used for illegal trading. Respondent has not been sentenced.

By petition dated September 12, 1995, the Departmental Disciplinary Committee seeks an order determining that the crime of which respondent has been convicted is a serious crime as defined by Judiciary Law § 90 (4) (d), suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and referring the matter for a hearing, report and recommendation of an appropriate sanction. By cross motion dated October 24, 1995, respondent moves pursuant to Judiciary Law § 90 (4) (h) for an order directing that this matter be referred to a Referee, Justice or Judge appointed by the Court, or to a Hearing Panel for the Departmental Disciplinary Committee for a mitigation hearing.

Respondent admits that his offense constitutes a "serious crime" as defined by Judiciary Law § 90 (4) (d). Indeed, there is no question that the crime of which respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). We have consistently held that suspension during the pendency of a "serious crime" proceeding pursuant to Judiciary Law § 90 (4) (f) is appropriate for an attorney convicted of a Federal felony (see, e.g., Matter of Cooper, 181 AD2d 298; Matter of Solomon, 126 AD2d 227).

We are aware of the mitigation evidence heretofore set forth by respondent's attorney, specifically that respondent is young, has an otherwise unblemished personal and professional career, has been an active church member, and is married with three children ranging in age from seven months to six years old. Clearly, pursuant to Judiciary Law § 90 (4) (h) respondent is entitled by law to the requested mitigation hearing.

Accordingly, Committee's petition and respondent's cross motion are granted, the offense to which respondent has pleaded guilty is deemed to be a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and Rules of this Court

(22 NYCRR) § 603.12 (b), respondent is suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f) and the matter is referred to the Committee, which shall thereupon conduct proceedings pursuant to Judiciary Law § 90 (4) (g) and (h).

MURPHY, P. J., SULLIVAN, WALLACH, ROSS and WILLIAMS, JJ., concur.

Petition and cross motion granted, the crime of which respondent has been convicted deemed a serious crime, and respondent directed to show cause before the Departmental Disciplinary Committee, which shall thereupon hold a hearing, and pending the entry of a final order of suspension, censure or disbarment, respondent is suspended from practice as an attorney and counselor-at-law in the State of New York pursuant to Judiciary Law § 90, effective immediately, and until the further order of this Court, all as indicated.