[781 NYS2d 319]

In the Matter of KIRILL PERCY, an Attorney, Respondent. DE-
PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDI-
CIAL DEPARTMENT, Petitioner.

First Department, July 29, 2004

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City, (*Raymond Vallejo* of counsel).

*Rochman Platzer Fallick Sternheim Luca & Pearl, LLP* (*Barry M. Fallick* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Kirill Percy was admitted to the practice of law in the State of New York by the First Judicial Department on June 3, 1996. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged by information filed in the United States District Court for the Southern District of New York with conspiracy to defraud the United States in violation of 18 USC § 371. The information alleged that respondent participated in a conspiracy to commit health care fraud and to falsify, conceal and cover up material facts and make and use false writings and documents in a matter involving a health care benefit program. On November 18, 2003, respondent pleaded guilty to the information. At his plea allocution respondent admitted that between April 2003 and June 2003, in Manhattan and elsewhere, he, together with other people, "engaged in a conspiracy to commit health care fraud and to submit false documents in connection with the North Miami Pain and Rehabilitation Center in the Brow[ard] Pain Rehabilitation Group by submitting false documents in connection with the solicitation of patient[s] and [their] medical care in order to maximize insurance billing." Respondent also admitted that he was aware that those activities were unlawful.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), on the grounds that he was convicted of a felony as defined in Judiciary Law § 90 (4) (e) and has, therefore, been automatically disbarred pursuant to Judiciary Law § 90 (4) (a) or, in the alternative, determining that the crime of which respondent was convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), immediately suspending him from the practice of law pursuant to Judiciary Law § 90 (4) (f), and directing respondent to show cause before a referee or Hearing Panel why a final order of censure, suspension or disbarment should not be made.

Respondent does not oppose the Committee's petition.

A federal felony conviction will trigger automatic disbarment if an equivalent felony exists under New York law which is " 'essentially similar,' though not necessarily identical" to the federal offense (*Matter of Vagionis*, 241 AD2d 276, 278 [1998], quoting *Matter of Margiotta*, 60 NY2d 147, 150 [1983]). In those situations "[w]here the statutory language defining the Federal offense is not itself essentially similar to a felony under the law of this State, the essential similarity may be demonstrated, not by the allegations of the felony indictment or information, but by evidentiary materials such as admissions made under oath in the respondent's plea allocution, or other testimony" (*Matter of Bertel*, 252 AD2d 256, 257-258 [1999]; *see also Matter of Kim*, 209 AD2d 127 [1995]).

Petitioner contends that automatic disbarment pursuant to the Judiciary Law is appropriate here because the crime of which respondent has been convicted is essentially similar to the New York State felony of scheme to defraud in the first degree (*see* Penal Law § 190.65). A person is guilty of scheme to defraud in the first degree if he intentionally engages in a scheme to defraud one or more persons by means of false or fraudulent pretenses and, thereby "obtains" property with a value in excess of $1,000 (*see* Penal Law § 190.65). The Committee claims that respondent's admissions during the plea allocution, coupled with stipulated facts contained in a written plea agreement, which respondent entered into with the United States Attorney's office—signed by respondent and his attorney, but not sworn—are sufficient to establish the elements of scheme to defraud in the first degree.

We conclude that scheme to defraud in the first degree is not a proper predicate because the record is devoid of any admission by respondent that he "obtained" anything in excess of the statutory amount. Specifically, a review of the information reveals that respondent was charged with conspiring with others but does not mention that any money or property was actually obtained. In addition, during his plea allocution, respondent admitted only to conspiring to commit health care fraud and to submit false documents (*see Matter of Hochberg*, 259 AD2d 94 [1999] [automatic disbarment partially grounded on scheme to defraud in the first degree inappropriate where record did not conclusively indicate whether respondent's scheme led him to recover in excess of statutory amount]). To overcome this apparent deficiency, the Committee points to the written plea

agreement wherein respondent stipulated that the amount of the "intended loss" was greater than $30,000 but less than $70,000. Even assuming we can look beyond the plea admissions and rely on this unsworn agreement, we are left with only an attempt to defraud.

Therefore, automatic disbarment is not appropriate because the record does not conclusively demonstrate that respondent obtained property in excess of the statutory amount. However, Judiciary Law § 90 (4) (f) provides that, upon receipt of a record indicating that an attorney has been convicted of a serious crime, this Court shall suspend the attorney until a final order is issued. A serious crime is "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state" (Judiciary Law § 90 [4] [d]).

Accordingly, the Committee's petition, insofar as it seeks to strike respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a), should be denied, and that part of the petition seeking suspension pursuant to Judiciary Law § 90 (4) (f) should be granted and the offense of which respondent has been convicted is found to be a serious crime within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Respondent is directed to show cause before a referee appointed by the Court or a Hearing Panel of the Committee, pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 603.12 (a), why a final order of censure, suspension or disbarment should not be made, and the referee or Hearing Panel shall hold a hearing, within 90 days from the date of respondent's sentencing in federal court,* and issue a report and recommendation to this Court.

Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court; matter referred to a referee, as indicated.

---

* The Committee acknowledges that it may not proceed with a serious crime hearing until respondent has been sentenced and a judgment entered (*see* Judiciary Law § 90 (4) (g); *Matter of Delany*, 87 NY2d 508 [1996]).