[823 NYS2d 132]

In the Matter of JOHN E. FASCIANA (Admitted as JOHN EDWARD FASCIANA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 19, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Benjamin, Brotman & Associates, P.C. (Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent John E. Fasciana was admitted to the practice of law in the State of New York by the Second Judicial Department on October 23, 1974. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On July 7, 2005, respondent was found guilty, after a jury trial in the United States District Court for the Southern District of New York, of one count of conspiracy to commit mail fraud and wire fraud in violation of 18 USC §§ 371, 1341 and § 1343, eight counts of mail fraud in violation of 18 USC § 1341, and three counts of wire fraud in violation of 18 USC § 1343. While respondent was scheduled to be sentenced on these convictions on June 21, 2006, we have not been informed as to whether sentence has in fact been imposed.

The Departmental Disciplinary Committee now seeks an order determining that the crimes of which respondent has been convicted constitute "serious crime[s]" as defined in Judiciary Law § 90 (4) (d) and section 603.12 (b) of this Court's rules (22 NYCRR); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause why a final order of censure, suspension or disbarment should not be made (Judiciary Law § 90 [4] [g]; 22 NYCRR 603.12 [a]).

The offenses of which respondent has been convicted constitute "serious crime[s]" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b) (*see e.g. Matter of Klein*, 28 AD3d 102 [2006]; *see also Matter of Treffinger*, 11 AD3d 185 [2004], *lv denied* 4 NY3d 703 [2005]; *Matter of Lorenzo*, 276 AD2d 223 [2000]), a point conceded by respondent. While respondent requests that we refrain from suspending him "at least until" he is sentenced, Judiciary Law § 90 (4) (f) provides that, upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court shall suspend the attorney until a final order is issued. In addition, we have consistently held that suspension during the pendency of a "serious crime" proceeding pursuant to Judiciary Law § 90 (4) (f) is appropriate for an attorney convicted of a federal

felony (*see e.g. Matter of Schechter*, 308 AD2d 26 [2003]; *Matter of Woodward*, 218 AD2d 65 [1996]; *Matter of Cooper*, 181 AD2d 298 [1992]).

Accordingly, the petition to deem the crimes of which respondent has been convicted as serious crimes within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and to suspend respondent from the practice of law forthwith and until further order of this Court, should be granted and respondent directed, pursuant to Judiciary Law § 90 (4) (g), to show cause, before a referee appointed by the Court who shall thereupon hold a hearing within 90 days of respondent's sentencing, or release from prison if applicable, and issue a report and recommendation why a final order of censure, suspension or disbarment should not be made.

BUCKLEY, P.J., MAZZARELLI, SAXE, WILLIAMS and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.