[866 NYS2d 1]

In the Matter of JOHN G. LYNCH (Admitted as JOHN GREGORY LYNCH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, September 18, 2008

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Curtis J. Farber* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent John G. Lynch was admitted to the practice of law in the State of New York by the First Judicial Department on August 6, 1974, under the name John Gregory Lynch. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On June 12, 2007, in Albany City Court, respondent pleaded guilty to two counts of failing to file New York State personal income tax returns for calendar years 2003 and 2004, in violation of Tax Law § 1801 (a), a class A misdemeanor. On August 27, 2007, respondent was sentenced to 45 days of home incarceration, a conditional discharge, 40 hours of community service, and a $10,000 fine.

On October 24, 2007, in the United States District Court for the District of New Jersey, respondent pleaded guilty to conspiracy to employ a prohibited person in violation of 18 USC § 371, a felony. On March 3, 2008, respondent was sentenced to a term of imprisonment of 24 months, followed by a two-year period of supervised release, and ordered to pay restitution in the amount of $296,000.

The Departmental Disciplinary Committee (the DDC) now seeks an order determining that the crimes of which respondent has been convicted are serious crimes as defined by Judiciary Law § 90 (4) (d) and Rules of this Court (22 NYCRR) § 603.12 (b); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, within 90 days after his release from prison, to show cause before a referee appointed by this Court or a Hearing Panel of the Committee, why a final order of censure, suspension or disbarment should not be made. Although respondent's counsel was served with this petition, respondent has not appeared in this proceeding.

The crime for which respondent was convicted, conspiracy to employ a prohibited person, is a "serious crime" inasmuch as it is a felony under federal law, but not New York State law (*see* Judiciary Law § 90 [4] [d]; 22 NYCRR 603.12 [b]). Further, respondent's misdemeanor conviction for failure to file New York State personal income tax returns is a "serious crime" under 22 NYCRR 603.12 (b).

Judiciary Law § 90 (4) (f) provides that upon receipt of a record indicating that an attorney has been convicted of a "serious

crime," this Court suspend the attorney until a final order is issued. In addition, the imposition of an interim suspension is consistent with this Court's general policy that a convicted felon not be permitted to continue to practice law during the course of the disciplinary proceeding (*see Matter of Greenberg*, 212 AD2d 310 [1995]; *Matter of Coughlin*, 202 AD2d 112 [1994]). It is also the policy of this Court to suspend an attorney who is serving a criminal probation and/or is incarcerated.

Accordingly, the DDC's petition insofar as it seeks to deem respondent's offense a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and section 603.12 (b) of the Rules of this Court should be granted; respondent should be suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); and respondent should be directed to, within 90 days after his release from incarceration, show cause before a referee appointed by this Court or a Hearing Panel of the Committee pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension, or disbarment should not be made.

LIPPMAN, P.J., ANDRIAS, FRIEDMAN, RENWICK and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, as indicated.