[887 NYS2d 46]

In the Matter of NEIL S. KRAMER (Admitted as NEIL STEWART KRAMER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 15, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Roger Bennet Adler* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Neil S. Kramer was admitted to the practice of law in the State of New York by the Second Judicial Department on December 18, 1963 under the name Neil Stewart Kramer. Although respondent's registration fee has been waived since 1998 and, in the course of the criminal proceedings discussed below, he averred that he was not practicing law, respondent does not contest the jurisdiction of this Court over this matter.

On December 1, 2006, respondent pleaded guilty in the United States District Court for the Eastern District of New York to a charge of operating an unlicensed money transmitting business in violation of 18 USC § 1960 (a), a federal felony. Respondent admitted to having provided loans to certain Yemeni immigrants, using checks in amounts of less than $10,000, with knowledge that the checks were intended for deposit in Yemen. On occasion, he received money in exchange for the issuance of checks for the sole purpose of converting cash to checks.

The Departmental Disciplinary Committee (the Committee) advises that additional criminal charges against respondent have not been formally dismissed, and his sentencing remains pending. Respondent has entered into a cooperation agreement with the Office of the United States Attorney for the Eastern District of New York and has testified for the Government against his codefendants, and may be a witness in cases that remain to be tried, all of which involve allegations of money smuggling and loan sharking, with Yemeni immigrants being the alleged victims.

The Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause why a final order of censure, suspension or disbarment should not be made before a Hearing Panel or a referee appointed by this Court, which Hearing Panel or referee shall hold a hearing within 90 days from respondent's sentencing or release from prison, whichever is applicable. In so moving, the Committee draws an analogy between the federal crime to which respondent pleaded guilty and the New York class A misdemeanor of operation of an unlicensed money

transmitting business (Banking Law § 650 [1], [2] [a]). The Committee also seeks respondent's immediate interim suspension pursuant to Judiciary Law § 90 (4) (f).

Respondent, in answer, does not concede whether respondent's conviction constitutes a "serious crime" for disciplinary purposes and avers that he "has been actively exploring corrective action with the United States Attorney's Office including, but not limited, to moving to withdraw the previously entered guilty plea." However, he has "no objection to the opening of an appropriate proceeding where these issues can be appropriately addressed."

In reply, the Committee maintains that "unless and until [respondent's] guilty plea is withdrawn, his guilty plea to a federal felony constitutes a 'serious crime' as defined by Judiciary Law § 90 (4) (d), (f) and (g), and by case precedent as set forth in the Committee's Petition and warrants respondent's interim suspension and a sanction hearing before the Committee after he is sentenced."

In applying Judiciary Law § 90 (4) (d), we have consistently held that a conviction of a federal felony constitutes a "serious crime" within the meaning of that section and that an attorney convicted of a felony should not be permitted to practice law (see Matter of Lynch, 55 AD3d 213 [2008]; Matter of Fasciana, 36 AD3d 9 [2006]; Matter of Klein, 28 AD3d 102 [2006]; Matter of Flores, 23 AD3d 79 [2005]; Matter of Percy, 10 AD3d 66 [2004]).

The Committee acknowledges that, under Judiciary Law § 90 (4) (g), notwithstanding respondent's guilty plea, it cannot initiate a sanction hearing until a final judgment of conviction is entered, which has not yet occurred because respondent has not been sentenced. Nonetheless, in other matters involving convicted felons awaiting sentencing, this Court has suspended the respondents on an interim basis pursuant to Judiciary Law § 90 (4) (f) and directed that a sanction hearing be held upon sentencing (see Matter of Fasciana, supra; Matter of Percy, supra; Matter of Woodward, 218 AD2d 65 [1996]).

Respondent has pleaded guilty to a federal felony and the "possibility" of his moving to withdraw his plea neither affords any basis to refrain from determining his conviction a "serious crime" nor from suspending him immediately. If his conviction is subsequently vacated, any disciplinary sanction may be revoked (see Judiciary Law § 90 [5] [a]).

Finally, as a matter of course, this Court refers a "serious crime" matter directly to a Hearing Panel of the Committee for a hearing on sanction rather than sending it first to a referee and then to a Hearing Panel. This case presents no extraordinary circumstance that might warrant a departure from our usual practice in this regard.

Accordingly, the Committee's petition should be granted to the extent of (1) deeming the offense of which respondent has been convicted a "serious crime" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, (2) immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and (3) directing respondent, pursuant to Judiciary Law § 90 (g), to show cause before a Hearing Panel appointed by the Court, at a hearing to be held within 90 days of respondent's sentencing or release from prison, whichever is applicable, why a final order of censure, suspension or disbarment should not be made.

GONZALEZ, P.J., TOM, FRIEDMAN, SWEENY and BUCKLEY, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.