[893 NYS2d 3]

In the Matter of ROBERT B. DAVIS, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JU-
DICIAL DEPARTMENT, Petitioner.

First Department, November 24, 2009

APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elizabeth A. Palladino* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert B. Davis was admitted to the practice of law in the State of New York by the First Judicial Department on December 11, 2003. At all times relevant herein, he maintained an office for the practice of law within the First Judicial Department.

On November 6, 2008, respondent pleaded guilty in the United States District Court for the Eastern District of New York to count 1 of an 11-count superceding indictment dated October 8, 2006, which charged him with conspiracy to commit bank and wire fraud in violation of 18 USC §§ 1349 and 3551. Specifically, respondent admitted to conspiring with others to defraud several mortgage lenders. In addition to respondent's criminal conviction, three separate disciplinary complaints have been filed against the respondent. These complaints allege respondent's fraudulent notarization of a mortgage, neglect of a legal matter, and his failure to return a deposit regarding the sale of real estate.

The Departmental Disciplinary Committee now seeks an order determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12; that respondent be immediately suspended from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent, pursuant to Judiciary Law § 90 (4) (g), to show cause before the Committee or a referee appointed by this Court why a final order of censure, suspension, or disbarment should not be made within 90 days after respondent is sentenced. In so moving, the Committee states that respondent's federal felony conviction constitutes a "serious crime" as specifically defined by Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b), and cites this Court's general

policy that convicted felons are not permitted to continue to practice law during the course of disciplinary proceedings. The Committee further requests that this Court reject respondent's affidavit of resignation, sworn to July 1, 2009, upon the grounds that it fails to comply with the requirements of 22 NYCRR 603.11 (a) (2) and (3).

Respondent has not appeared in this action despite being served with copies of the Committee's petition by first-class and certified mail.

■ In applying Judiciary Law § 90 (4) (d), we have consistently held that a conviction of a federal felony constitutes a "serious crime" within the meaning of that section and that a respondent convicted of a felony should not be permitted to practice law (see Matter of Lynch, 55 AD3d 213 [2008]; Matter of Fasciana, 36 AD3d 9 [2006]; Matter of Klein, 28 AD3d 102 [2006]; Matter of Flores, 23 AD3d 79 [2005]; Matter of Percy, 10 AD3d 66 [2004]). In addition, this Court, as a matter of course, refers a "serious crime" matter directly to a Hearing Panel of the Committee for a hearing on sanction rather than sending it first to a referee and then to a Hearing Panel. This case presents no extraordinary circumstances warranting a departure from such practice. However, under Judiciary Law § 90 (4) (g), notwithstanding respondent's guilty plea, the Committee cannot initiate a sanction hearing until a final judgment of conviction is entered, which has not yet occurred here since respondent has not been sentenced (Matter of Delany, 87 NY2d 508, 512 [1996]). Thus, when convicted felons are awaiting sentencing, this Court suspends respondents on an interim basis pursuant to Judiciary Law § 90 (4) (f) and directs a sanction hearing be held upon sentencing, or release from prison if applicable (see Matter of Fasciana, supra; Matter of Percy, supra).

■ Respondent's affidavit of resignation fails to comply with the requirements set forth in 22 NYCRR 603.11. Respondent failed to acknowledge that if charges were predicated upon his alleged neglect of a legal matter, he could not successfully defend himself on the merits against such charges (see 22 NYCRR 603.11 [a] [3]). Respondent also failed to acknowledge the pending disciplinary investigation concerning his alleged failure to return a deposit regarding the sale of real estate (see 22 NYCRR 603.11 [a] [2], [3]). Respondent did not cure these defects even though he was afforded an opportunity to do so.

Accordingly, the Committee's petition should be granted to the extent of deeming the offense of which respondent has been

convicted a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), directing respondent to show cause before a Hearing Panel of the Committee, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made within 90 days of respondent's sentencing, or release from prison if applicable, and rejecting respondent's affidavit of resignation.

GONZALEZ, P.J., MAZZARELLI, SWEENY, RENWICK and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.