[914 NYS2d 632]

In the Matter of NEIL S. KRAMER (Admitted as NEIL STEWART KRAMER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 18, 2011

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

*Roger Bennett Adler*, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Second Judicial Department on December 18, 1963 under the name Neil Stewart Kramer. Although respondent's registration fee has been waived since 1998 and, in the course of criminal proceedings discussed below, he averred that he was not practicing law, respondent does not contest the jurisdiction of this Court over this matter.

By decision and order entered October 15, 2009 (69 AD3d 139 [2009]), this Court, upon the petition of the Departmental Disciplinary Committee (the Committee), (1) deemed the federal offense of operating an unlicensed money transmitting business (18 USC § 1960 [a]), to which respondent pleaded guilty on December 1, 2006, a "serious crime" under Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12, (2) suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f), and (3) directed respondent, pursuant to Judiciary Law § 90 (g), to show cause before a Hearing Panel, at a hearing to be held within 90 days of respondent's sentencing or release from prison, why a final order of censure, suspension or disbarment should not be made.

The Committee now moves for an order (1) vacating respondent's interim suspension based on his federal guilty plea, (2) accepting the affidavit of resignation from the bar he now proffers pursuant to 22 NYCRR 603.11, and (3) striking his name from the roll of attorneys. In its motion papers, the Committee advises that respondent was never sentenced on his 2006 guilty plea. Instead, on May 3, 2010, the federal indictment against respondent was dismissed, with prejudice, on the government's own motion. Given the dismissal of the indictment, there is no criminal conviction to serve as a predicate for a "serious crime" disciplinary proceeding or the interim suspension. However, respondent has now submitted his affidavit of resignation to be accepted by this Court.

Respondent's affidavit of resignation, sworn to July 30, 2010, states that his resignation is freely and voluntarily rendered, that he has been represented by counsel in this matter and has been fully advised concerning the legal consequences of submitting such an application, and that he is not subject to coercion or duress. Respondent acknowledges that the Committee com-

menced an investigation into his professional conduct upon receiving a report of a dishonored escrow check written to satisfy a personal debt. Respondent further acknowledges that, upon the Committee's review of his escrow accounts, it learned that he had commingled personal funds with client funds on more than one occasion, that he used his escrow accounts to transact personal business and that he withdrew funds by writing checks to "cash." Respondent admits that if he were formally charged with violating Code of Professional Responsibility DR 9-102 (a), (b) (1) and (e) (22 NYCRR 1200.46 [a], [b] [1]; [e]) based upon this conduct, he could not successfully defend himself against such charges on the merits.

As respondent's affidavit conforms to 22 NYCRR 603.11, it is appropriate to accept his resignation from the bar.

Accordingly, the Committee's motion should be granted, this Court's October 15, 2009 order concerning respondent vacated, and respondent's resignation from the practice of law accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to July 30, 2010.

GONZALEZ, P.J., TOM, SAXE, FRIEDMAN and SWEENY, JJ., concur.

The order of this Court entered on October 15, 2009 vacated, respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to July 30, 2010.