[29 NYS3d 250]

In the Matter of JOHN L. SAMPSON (Admitted as JOHN LLWELYN SAMPSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 10, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Aidala, Bertuna & Kamins, P.C.* (*Barry Kamins* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent John L. Sampson was admitted to the practice of law in the State of New York by the Second Judicial Department on April 29, 1992 under the name John Llwelyn Sampson. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

On July 24, 2015, respondent was convicted, after a jury trial, in the United States District Court for the Eastern District of New York, of one count of obstruction of justice in violation of 18 USC § 1503 (a) and (b) (3), and two counts of making false statements in violation of 18 USC § 1001 (a) (2), both felonies. Respondent has not yet been sentenced.

Respondent, who was a member of the New York State Senate, attempted to prevent an associate, who had been charged by the United States Attorney's Office (USAO) with bank fraud and wire fraud in connection with a mortgage fraud scheme, from cooperating with law enforcement authorities by, among other things, attempting to obtain confidential, nonpublic information regarding the mortgage fraud case through a person who, at the time, was an administrative employee with the USAO; and directing the associate to withhold documentation from the government.* In addition, respondent falsely stated to FBI agents that he had not previously seen a check register page reflecting a prior payment of funds from the associate to respondent, which, in fact, the associate had shown him; and had not directed a Senate staffer to contact the New York State Department of Taxation and Finance for the purpose of having the sales tax liability of a liquor store, in which respondent had an ownership interest, reduced, which he did.

---

* The indictment alleged that the associate provided respondent with $188,500 so that respondent could repay funds he had embezzled from foreclosure sales for which he served as a court appointed referee. Notably, counts one and two of the indictment, which charged respondent with embezzlement, were dismissed as time-barred by the trial court.

The Departmental Disciplinary Committee (Committee) seeks an order determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90 (4) (d); suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f); and directing respondent to show cause before a hearing panel or a referee, which shall thereupon hold a hearing and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment should not be made within 90 days following the imposition of sentence, or respondent's release from incarceration, if applicable, pursuant to Judiciary Law § 90 (4) (g).

In response, respondent's counsel has submitted an affirmation in which he, inter alia, acknowledges that the offenses of which respondent was convicted are "serious crimes." However, he opposes the Committee's request for an interim suspension and requests that a sanction hearing be postponed until after respondent is sentenced.

The crimes which respondent was convicted of are "serious crimes" within the meaning of Judiciary Law § 90 (4) (d) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.12 (b). Further, this Court has held that the federal crimes of obstruction of justice and making a false statement constitute "serious crimes" (*see e.g. Matter of Williams*, 217 AD2d 9 [1st Dept 1995]; *Matter of Konigsberg*, 183 AD2d 335 [1st Dept 1992]; *Matter of Goldblatt*, 132 AD2d 329 [1st Dept 1987] [the respondent was convicted of several federal offenses after trial, including obstruction of justice, which was deemed a "serious crime"]; *see also Matter of Izquierdo*, 56 AD3d 1117 [3d Dept 2008] [the respondent, who was convicted of making false statements to FBI, pleaded guilty to a "serious crime"]).

This Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a felony and is serving a term of probation or imprisonment (*see e.g. Matter of Lam*, 104 AD3d 80 [1st Dept 2013]; *Matter of Schneider*, 97 AD3d 152 [1st Dept 2012]; *Matter of Shapiro*, 81 AD3d 25 [1st Dept 2011]). Here, even though respondent has not yet been sentenced, he is still subject to immediate suspension (*see e.g. Matter of Kramer*, 69 AD3d 139, 141 [1st Dept 2009] [interim suspension imposed based on "serious crime" conviction prior to sentencing]; *Matter of Fasciana*, 36 AD3d 9 [1st Dept 2006] [same]; *Matter of Moid*, 230

AD2d 396 [1st Dept 1997] [same]; *Matter of Woodward*, 218 AD2d 65 [1st Dept 1996] [same]).

Respondent argues that good cause exists to deny the Committee's request for an interim suspension. Respondent, however, has not presented any compelling reason why this Court should not impose an interim suspension. Furthermore, with regard to respondent's request to postpone a sanction hearing until after he is sentenced, under Judiciary Law § 90 (4) (g), a sanction hearing cannot be initiated until a final judgment of conviction is entered, which will occur once respondent has been sentenced (*Matter of Kramer*, 69 AD3d at 141). Lastly, as a matter of course, this Court refers serious crime matters to a hearing panel of the Committee to hear and report.

Accordingly, the Committee's petition should be granted. We deem the offenses of which respondent has been convicted "serious crimes" pursuant to Judiciary Law § 90 (4) (d) and 22 NYCRR 603.12 (b). Additionally, respondent should be suspended from the practice of law, effective immediately, and until such time as the disciplinary proceedings against respondent are concluded, and until further order of this Court. Finally, respondent is directed to, within 90 days of his sentencing or release from incarceration, whichever is applicable, show cause before a hearing panel designated by the Committee, pursuant to Judiciary Law § 90 (4) (g), why a final order of censure, suspension or disbarment should not be made.

MAZZARELLI, J.P., ACOSTA, RENWICK, MOSKOWITZ and RICHTER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.