[53 NYS3d 636]

In the Matter of AARON DAVIDSON, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 4, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

*Holland & Knight, LLP* (*Lee Vartan* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Aaron Davidson was admitted to the practice of law in the State of New York by the First Judicial Department on July 24, 2000. Respondent maintains a registered address in Florida, where he resides, but this Court maintains jurisdiction over him because he was admitted in the First Department.

By motion dated January 11, 2017, the Attorney Grievance Committee (Committee) seeks an order determining that the crimes of which respondent has been convicted are "serious crimes" as defined by Judiciary Law § 90 (4) (d); immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12 (c) (2) (ii); and, pursuant to Judiciary Law § 90 (4) (g) and 22 NYCRR 1240.12 (c) (2) (i) and (iv), directing respondent to show cause before a referee within 90 days of his sentencing or release from incarceration, whichever is applicable, why a final order of censure, suspension or disbarment should not be made. Respondent opposes the Committee's motion to the extent that it seeks his interim suspension.

On October 20, 2016, respondent pleaded guilty in the United States District Court for the Eastern District of New York to racketeering conspiracy and wire fraud conspiracy, both felonies, in violation of 18 USC §§ 1343, 1349, and 1962 (d). Respondent has not yet been sentenced.

Respondent's conviction stems from his employment with Traffic Sports USA, a firm headquartered in Florida. In connection with his employment, respondent admittedly negotiated and facilitated the payment of millions of dollars in bribes to soccer officials in order to secure lucrative media and marketing contracts for his employer. Respondent's conviction was part of the many prosecutions connected to FIFA, the international organization governing organized soccer, and its affiliated regional organizations.

Judiciary Law § 90 (4) (d) defines a "serious crime" in pertinent part as follows: "[A]ny criminal offense denominated a felony under the laws of . . . the United States which does not constitute a felony under the laws of this state, and any

other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes . . . *bribery*" (emphasis added). Accordingly, this Court has repeatedly held that the crimes of which respondent has been convicted, namely, racketeering conspiracy and wire fraud conspiracy are "serious crimes" within the meaning of the statute (*see e.g. Matter of Davis*, 70 AD3d 53 [1st Dept 2009]; *Matter of Fasciana*, 36 AD3d 9 [1st Dept 2006]). Therefore, respondent's conviction mandates the conclusion that he has been convicted of a "serious crime."

Judiciary Law § 90 (4) (f) provides that any attorney convicted of a serious crime shall be suspended. Further, section 1240.12 (c) (2) (ii) provides that, upon a court's determination that the respondent has committed a serious crime, this Court "may suspend the respondent pending final disposition unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice."

Respondent contends that an interim suspension is unwarranted in his case, because he was essentially a minor participant in the criminal conspiracy at issue. Respondent claims he never received a bribery payment; he did not use his law license to commit the crimes of which he stands convicted; and the factual record concerning his conduct is incomplete as he has not yet been sentenced.

Respondent has not presented any compelling reason why this Court should not impose an interim suspension given the serious, criminal conduct to which he has admitted and has been convicted of, namely negotiating and facilitating millions of dollars in illegal bribes. Furthermore, this Court has consistently held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney, pursuant to Judiciary Law § 90 (4) (f), who has been convicted of a federal felony even if they have not yet been sentenced (*see e.g. Matter of Sampson*, 138 AD3d 175 [1st Dept 2016] [imposing interim suspension based on "serious crime" prior to sentencing]; *Matter of Kramer*, 69 AD3d 139 [1st Dept 2009] [same]).

Accordingly, the Committee's motion to deem the crimes of which respondent has been convicted as "serious crimes" pursuant to Judiciary Law § 90 (4) (d), and immediately suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) and 22 NYCRR 1240.12 (c) (2) (ii) should be granted and respondent is directed, pursuant to Judiciary Law § 90 (4)

(g) and 22 NYCRR 1240.12 (c) (2) (i) and (iv), to show cause before a referee appointed by the Court who shall thereupon hold a hearing within 90 days of respondent's sentencing or release from incarceration, whichever is applicable, why a final order of censure, suspension or disbarment should not be made.

TOM, J.P., MOSKOWITZ, FEINMAN, GISCHE and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.