Matter of Foncillas (2020 NY Slip Op 03632)





Matter of Foncillas


2020 NY Slip Op 03632


Decided on June 25, 2020


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Sallie Manzanet-Daniels,Justice Presiding,
Judith J. Gische
Troy K. Webber
Jeffrey K. Oing
Anil C. Singh,Justices.


M-8961

[*1]In the Matter of Ignacio M. Foncillas, (admitted as Ignacio Maria Foncillas), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ignacio M. Foncillas, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ignacio M. Foncillas, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 11, 1993.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner.
Daniel J. Fetterman, Esq., for respondent



PER CURIAM.


Respondent Ignacio M. Foncillas was admitted to the practice of law in the State of New York by the First Judicial Department on January 11, 1993, under the name Ignacio Maria Foncillas. Respondent's last registered address was in Madrid, Spain.
The Attorney Grievance Committee (Committee) seeks an order pursuant to Judiciary Law § 90(4)(f) and (g) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and (c)(2), determining that the crime of which respondent has been convicted is a "serious crime" as defined by Judiciary Law § 90(4)(d); immediately suspending respondent from the practice of law; and directing him to show cause before a referee why a final order of censure, suspension or disbarment should not be made. The Committee served the motion on respondent's counsel but he has not submitted a response.
For the reasons set forth below, we now grant the Committee's motion to the extent of deeming the crime of which respondent has been convicted a "serious crime," ordering that respondent should be immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), and directing that respondent show cause before a referee appointed by this Court, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), who shall hold a hearing, and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
Respondent's conviction arose out of his ownership and operation of a company which engaged in the unlicensed transmission of money. Between 2013 and 2014, respondent used his company's bank accounts to transfer funds on behalf of others between the United States and Mexico. This was accomplished through the deposit of cash into his company's bank accounts, some of which were made by respondent after he received cash from third-parties. Those funds were then sent to Mexico via wire transfer. On other occasions, individuals located outside of New York, with no prior relationship to respondent, made cash deposits into respondent's company's accounts in order to have those funds moved to Mexico. During the period at issue, at least approximately $9 million was transferred to Mexican financial institutions in the manner described above. Respondent kept a percentage of the transferred funds as his fee for operating the money transmitting business.
On June 28, 2018, respondent pleaded guilty in the United States District Court for the Southern District of New York to operation of an unlicensed money transmitting business in violation of 18 USC § 1960, a felony. On December 6, 2018, respondent was sentenced to time served, two years of supervised release, 500 hours of community service, and fined $7,500. In addition, he consented to entry of a $9.4 million forfeiture judgment against him, however, the government agreed to accept $262,267.62 in full satisfaction thereof to be paid pursuant to a schedule determined by the U.S. Attorney's Office.
Judiciary Law § 90(4)(d) defines a "serious crime" in pertinent part as follows:
"any criminal offense denominated a felony under the laws of ... the United States which does not constitute a felony under the laws of this state ..."
This Court has previously determined that a respondent's felony conviction of operating an unlicensed money transmitting business in violation of 18 USC § 1960 constitutes a "serious crime" within the meaning of the Judiciary Law (Matter of Kramer, 69 AD3d 139 [1st Dept 2009]).
Judiciary Law § 90(4)(f) mandates that upon receipt of a record indicating that an attorney has been convicted of a "serious crime," this Court shall suspend the attorney until a final order is issued. Further, Rule 1240.12(c)(2)(ii), provides that, upon a court's determination that the respondent has committed a "serious crime," this Court may suspend the respondent. Moreover, this Court has held that during the pendency of a "serious crime" proceeding, it is appropriate to suspend an attorney who has been convicted of a felony (see Matter of Lindenbaum, 165 AD3d [*2]53 [1st Dept 2018]; Matter of Baroni, 152 AD3d 35 [1st Dept 2017]; Matter of O'Brien, 98 AD3d 60 [1st Dept 2012]; Matter of Fasciana, 36 AD3d 9 [1st Dept 2006]).
Accordingly, the Committee's motion should be granted and the crime of which respondent has been convicted should be deemed a "serious crime," respondent immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii), and respondent is directed to show cause before a referee appointed by this Court, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12(c)(2)(i) and (iv), who shall hold a hearing, and issue a report and recommendation to this Court, why a final order of censure, suspension, or disbarment should not be made.
All concur.
Order filed. [June 25, 2020]
The Committee's motion to deem the crime of which respondent has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90(4)(d) is granted and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending have been concluded, and until further order of this Court. Respondent is directed to show cause as to why a final order of censure, suspension or disbarment should not be made before a Referee appointed by this Court, who shall hold a hearing, and issue a report and recommendation to this Court.