Matter of Goggins (2025 NY Slip Op 00790)

Matter of Goggins

2025 NY Slip Op 00790

Decided on February 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels Justice Presiding
Tanya R. Kennedy Manuel Mendez Julio Rodriguez III LlinÉt M. Rosado
Justices.

Motion No. 2024-05373 Case No. 2024-02904 

[*1]In the Matter of John J. Goggins III, an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, John J. Goggins III (OCA Atty Reg. 2085306), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John J. Goggins III, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on September 29, 1986.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner.
Michael Ross, Esq., for respondent.

Per Curiam 

Respondent John J. Goggins was admitted to the practice of law in the State of New York by the First Judicial Department on September 29, 1986, under the name John J. Goggins III. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
On August 25, 2024, respondent was convicted, upon a plea of guilty, in the United States District Court for the District of New Jersey, of willful failure to file federal tax returns for the tax years 2018 through 2021, in violation of 26 USC § 7203, a misdemeanor. Respondent pleaded guilty to all four counts of the information and admitted during his plea allocution that he knew he earned an income and was required to file federal income taxes for the years 2018 through 2021 and failed to do so. Further, respondent admitted that, as a result of his failure to file his tax returns, he owed $3,109,576 in taxes for 2018 through 2021.
On October 24, 2024, respondent was sentenced to a term of imprisonment of eight months on each count to run concurrently. Upon his release, respondent will be on supervised release for one year for each count to run concurrently. Respondent was also ordered to pay a fine of $40,000, a special assessment of $100, and restitution of $3,109,579. At the time of his sentencing, restitution had already been paid.
By motion dated November 1, 2024, the Attorney Grievance Committee (AGC) seeks an order determining that respondent's federal conviction is a "serious crime," immediately suspending respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(b)(2) and Judiciary Law § 90(4)(f), and directing respondent to show cause before a referee appointed by this Court within 90 days of his release from prison, why a final order of censure, suspension, or disbarment should not be made under 22 NYCRR 1240.12(c)(2) and Judiciary Law § 90(4)(g).
Judiciary Law § 90(4)(d) defines a "serious crime" as any criminal offense "which does not constitute a felony under the laws of this state, and any other crime a necessary element of which . . . includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."
The AGC argues that [*2]this Court previously held that a conviction under 26 USC § 7203 for willful failure to file income tax returns is a "serious crime." Specifically, this Court has held that because a necessary element of the statutory definition of 26 USC § 7203 offense involves the willful failure to file income tax returns, its commission constitutes a "serious crime" within the meaning of Judiciary Law § 90(4)(d) (see e.g. Matter of Cohen, 140 AD3d 67 [1st Dept 2015]; Matter of O'Brien, 98 AD3d 60 [1st Dept 2012]).
The AGC maintains that "Judiciary Law § 90(4)(f) mandates that upon receipt of a record indicating that an attorney has been convicted of a 'serious crime,' this Court shall suspend the attorney until a final order is issued" (Matter of Cohen, 140 AD3d at 70; see e.g. Matter of Foncillas, 184 AD3d 263 [1st Dept 2020]; Matter of Lindenbaum, 165 AD3d 53 [1st Dept 2018]; Matter of Freedman, 109 AD3d 151 [1st Dept 2013]). Additionally, the AGC notes that this Court may suspend an attorney upon a determination that the attorney has committed a "serious crime," "unless such a suspension would be inconsistent with the maintenance of the integrity and honor of the profession, the protection of the public and the interest of justice" (22 NYCRR 1240.12[c][2][ii]). Further, it has generally been the policy of this Court to immediately suspend an attorney serving criminal probation and/or an incarceratory term (see Matter of Lynch, 55 AD3d 213, 215 [1st Dept 2008]; Matter of Aldeman, 279 AD2d 1, 4 [1st Dept 2000]).
The AGC argues that respondent's interim suspension would not be inconsistent with the maintenance of the profession because respondent was sentenced to a term of imprisonment of eight months and a one-year period of supervised release for his willful failure to pay taxes for tax years 2018 through 2021.
Respondent, by counsel, joins in the AGC's motion for an order finding that 26 USC § 7203 constitutes a serious crime and "does not dispute that his conviction warrants an interim suspension." Respondent does, however, request a hearing to allow him "to present relevant mitigating evidence which would bear upon the appropriate sanction to be imposed by this Court."
Respondent's misdemeanor conviction for 26 USC § 7203 for willful failure to file tax returns should be deemed a "serious crime" under Judiciary Law § 90(4)(d) (see e.g. Matter of Cohen, 140 AD3d at 69-70; Matter of O'Brien, 98 AD3d at 62; Matter of Partland, 257 AD2d 209 [1st Dept 1999]).
Accordingly, the AGC's motion should be granted, the offense of which respondent has been found guilty deemed a "serious crime" within the meaning of Judiciary Law § 90(4)(d), and respondent directed to show cause before a referee appointed by this Court within 90 days of his release, pursuant to Judiciary Law § 90(4)(g) and 22 NYCRR 1240.12 (c)(2)(i) and (iv), who shall thereupon hold a hearing, and issue a report and recommendation to this Court, why a final order of censure, suspension or disbarment [*3]should not be made. Further, the AGC having produced a record indicating that respondent has been convicted of a serious crime, and there being no opposition by respondent, respondent should be immediately suspended pursuant to Judiciary Law § 90(4)(f), as well as 22 NCYRR 1240.12(c)(2)(ii).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee
to deem the offense of which respondent, John J. Goggins III, has been found guilty to be a "serious crime" within the meaning of Judiciary Law § 90 (4)(d) is granted, and respondent John J. Goggins III, is suspended pursuant to Judiciary Law § 90 (4)(f) and 22 NYCRR 1240.12(c)(2)(ii) from the practice of law effective immediately, and until the further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent John J. Goggins III is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion
as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent John J. Goggins III shall comply with
the rules governing the conduct of disbarred or suspended attorneys (see NYCRR
1240.15), which are made part hereof; and
It is further Ordered that if respondent John J. Goggins III, has been issued a
secure pass by the Office of Court Administration, it shall be returned forthwith to the
issuing agency, and
It is further Ordered that, pursuant to Judiciary Law § 90 (4)(g) and 22 NYCRR
1240.12 (c)(2)(i) and (iv), respondent John J. Goggins III is directed to show cause at a hearing before the referee appointed herein, why a final order of censure, suspension, or
disbarment should not be made based on his conviction of a serious crime as defined in
Judiciary Law § 90 (4)(d), and
It is further Ordered that George A. Davidson, Esq., 73 Charles Street, New York, NY 10538, (212) 661-4333, (914) 774-9610, georgedavidson&commat;georgedavidsonadr.com, is appointed as Referee to hold the hearing, to be held within 90 days of his release from incarceration, and issue a report and recommendation to this Court, with the report to be submitted within 60 days of the hearing or the submission of post-hearing memoranda.
Entered: February 11, 2025