Matter of Foncillas (2021 NY Slip Op 03117)





Matter of Foncillas


2021 NY Slip Op 03117


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Judith J. Gische
Troy K. Webber
Jeffrey K. Oing
Anil C. Singh, JJ.


Motion No. 2021-01092 Case No. 2019-05572 

[*1]In the Matter of Ignacio M. Foncillas (Admitted as Ignacio Maria Foncillas), a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ignacio M. Foncillas, (OCA Atty Reg. No. 2523132) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 11, 1993.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, Esq., of counsel), for petitioner.
Hal R. Lieberman, Esq., for respondent.



Per Curiam 


Respondent Ignacio M. Foncillas was admitted to the practice of law in the State of New York by the First Judicial Department on January 11, 1993, under the name Ignacio Maria Foncillas. Respondent's last registered address was in Madrid, Spain.
On June 25, 2020, this Court determined that respondent was convicted of a "serious crime," immediately suspended him from the practice of law, and directed a sanction hearing be held (184 AD3d 263 [1st Dept 2020]). The Attorney Grievance Committee (the Committee) and respondent now move by joint notice of motion, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend respondent from the practice of law for a period of one year, nunc pro tunc to June 25, 2020, based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in aggravation and mitigation, and agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent. The parties stipulate to the following facts.
On June 28, 2018, respondent pleaded guilty in the United States District Court for the Southern District of New York to operation of an unlicensed money transmitting business in violation of 18 USC § 1960, a felony. On December 6, 2018, he was sentenced to time served, two years of supervised release, 500 hours of community service, and fined $7,500. In addition, he consented to entry of a $9.4 million forfeiture judgment against him (which the Government contended was the money traceable to, or the proceeds of, his criminal conduct); however, the Government agreed to accept $262,267.62 in full satisfaction thereof to be paid pursuant to a schedule determined by the U.S. Attorney's Office.
In 2013, respondent was introduced to a banker by an individual who had consulted for one of respondent's prior clients and they generally discussed potential business ventures, one of which involved offering "unbanked" Mexicans in the United States a cost-effective system by which they could send money to "unbanked" Mexicans in Mexico. Respondent, who had extensive experience in cross-border, international financing restructuring and project refinance, agreed to assist this individual in developing a corporate structure for this venture.
Respondent worked with this individual to create and operate money transmitting businesses (MTBs). Respondent's initial role was to create entities for the MTB and open bank accounts, for which he used his passport as identification, through which remitted funds would flow. In [*2]opening documents for these bank accounts, respondent described the company as providing various services, including investment, consulting, and wholesale trade when, in fact, the company was ultimately not used to provide these services. Some deposits were made by respondent after obtaining cash from others who wanted to send funds to Mexico. On other occasions, individuals with no prior relationship to respondent, and located in regions outside of New York, made cash deposits into the company's accounts in order to have those funds moved to Mexico. Following the cash deposits into the company's bank accounts, respondent caused wire transfers to be made therefrom to Mexico.
At no time were respondent or his companies licensed under federal and state regulations to operate an MTB. Further, neither respondent nor his companies engaged in the required monitoring of their transmission activity, nor did they file suspicious activity reports or cash transaction reports (CTRs). Respondent was aware of the existence of the applicable federal reporting requirements, specifically, pursuant to the Bank Secrecy Act, transactions over $10,000 would have to be reported to the U.S. Treasury Department's Financial Crimes Enforcement Network through CTRs, and he had an independent obligation with regards to the receipt of the funds in question to file the appropriate documentation.
In sum, between 2013 and 2014, respondent used a company he owned to open bank accounts in the United States and facilitated the transmission of approximately $9 million to Mexican financial institutions of which respondent personally transmitted approximately $700,000. Respondent received a fee for his participation in this operation. According to the Government's analysis, at least $262,000 remained in respondent's corporate accounts from these activities, which were used in large part to pay personal expenses including rent, car payments, bills, and tuition.
Respondent conditionally admits that his conduct, as set forth above, violated the New York Rules of Professional Conduct. The parties have stipulated to the following factors in aggravation: the many wire and money transfers in question were conducted by dozens of entities and individuals over the course of approximately one year and conducted as an enterprise. In mitigation, the parties have stipulated to the following factors: respondent has no prior discipline; he cooperated with both the U.S. Attorney's Office and the Committee during their respective investigations; he has accepted full responsibility for his misconduct and not attempted to blame anyone or anything for it; and he has expressed sincere remorse and contrition for his misconduct. In addition, respondent is well regarded in the legal community and has an excellent reputation for the character traits of honesty and integrity; he has provided the Committee with letters attesting to his reputation for good character; and given the severity of the penalties he [*3]has already received, including both financial and the interim suspension from the practice of law, there is little likelihood that his misconduct will recur. The parties agree that respondent has presented compelling factors in mitigation which support the requested sanction.
In light of the foregoing, we find that the proposed discipline of a one-year suspension nunc pro tunc to June 25, 2020, the date of respondent's interim suspension, is appropriate in this instance.
Accordingly, the parties' joint motion for discipline should be granted and respondent suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to June 25, 2020.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted, and
It is further Ordered that respondent, Ignacio M. Foncillas, is suspended from the practice of law in the State of New York for a period of one year, effective nunc pro tunc to June 25, 2020, and continuing until further order of this Court, and
It is further Ordered that the respondent, Ignacio M. Foncillas, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Ignacio M. Foncillas, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ORDERED that if the respondent, Ignacio M. Foncillas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered. May 13, 2021