Matter of McMurdo (2026 NY Slip Op 01919)

Matter of McMurdo

2026 NY Slip Op 01919

Decided on March 31, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 31, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Justice Presiding

Motion No. 2026-00345|Case No. 2025-04732|

[*1]In the Matter of Matthew Charles McMurdo an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew Charles McMurdo (OCA Atty Reg. 2967461), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew Charles McMurdo, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 12, 1999.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York (Raymond Vallejo, of counsel), for petitioner
Michael S. Ross, Esq., for respondent.

Per Curiam 

Respondent Matthew McMurdo was admitted to the practice of law in the State of New York by the First Judicial Department on April 12, 1999. At all times relevant to this proceeding, he maintained a law office within the First Department.
On July 20, 2025, the Attorney Grievance Committee (AGC) served respondent with a Notice of Petition and Petition for Charges alleging that respondent was guilty of unethical practices and professional misconduct by virtue of his having been suspended from appearing or practicing before the Securities Exchange Commission (SEC) for one year based on the SEC's consent order finding that respondent had violated rules 1.1, 1.3(a), and 8.4(h) of the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.1).
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5) for discipline by consent and ask this Court to suspend respondent for practice for one year, nunc pro tuncto September 20, 2024, the date on which he was suspended from practice before the SEC. The motion is supported by a joint affirmation containing a statement of facts, conditional admissions of professional conduct, factors in mitigation, and agreed upon discipline, as well as respondent's affirmation acknowledging his admission to the stipulated facts and his full awareness of the consequences of his consent.
The stipulated facts reflect that respondent, whose practice focused almost exclusively on federal SEC matters, issued Rule 144 opinion letters on behalf of his clients between July 18, 2016 and September 8, 2021 without adequate investigation and despite being aware of certain inconsistencies. "[R]espondent observed inconsistencies and inaccuracies in various . . . disclosure reports that made him feel uncomfortable, yet he continued to issue and sign opinion letters" on their behalf. For example, respondent issued opinion letters that contained materially false and misleading statements that included misidentifying the individual who had prepared the financial statement as being a certified public accountant, stating that the individual who prepared the financial statements was qualified by experience and education to do so, and by stating, to the best of his knowledge, that his clients were not under investigation by any federal or state regulatory authority.
On September 20, 2024, pursuant to a consent order, the SEC suspended respondent from appearing or practicing law before the SEC as an attorney for one year.
In this disciplinary proceeding, respondent conditionally admits that his actions establish that he violated rules 1.1(a), 1.3(a), and 8.4(b) of the RPC. In mitigation, the parties have stipulated that respondent has taken responsibility for his conduct and has agreed to the imposition of discipline by this Court. The parties also agree that respondent is remorseful for his conduct and recognizes that he was obligated to undertake more rigorous due diligence than he did. Respondent is well regarded in his community and has not practiced law in any capacity since his September 20, 2024 suspension. The parties agree that a one-year suspension, nunc pro tunc to September 20, 2024, is the appropriate sanction.
A one-year suspension is the appropriate discipline in this matter. In Matter of Sayid, this Court imposed a one-year suspension for securities-related conduct involving false opinion letters and misrepresentations to facilitate unlawful stock transactions (228 AD3d 41 [1st Dept 2024]). While there are other non-SEC related disciplinary cases where more egregious misconduct resulted in a one-year suspension (see, e.g., Matter of Foncillas, 196 AD3d 16 [1st Dept 2016]), and this matter does not arise under the reciprocal discipline rule, it is logical and jurisprudentially sound under these circumstances to accord weight to the sanction fashioned by the tribunal with regulatory authority and the strongest institutional interest in the underlying conduct (compare Matter of Fenstermaker, 239 AD3d 51, 60 [1st Dept 2025]). This Court has also recognized that where an attorney voluntarily refrains from practice in anticipation of formal discipline, imposing a nunc pro tunc suspension is appropriate (see e.g. Matter of Stafford, 238 AD3d 106, 111 [1st Dept 2025]).
Accordingly, the joint motion should be granted, and a one-year suspension imposed, nunc pro tunc to September 20, 2024. The AGC's petition of charges is denied as moot.
All concur.
Wherefore, it is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and respondent, Matthew Charles McMurdo, is suspended from the practice of law for a period of one year, effective nunc pro tunc to September 20, 2024, and until further order of the Court; and
It is further Ordered that the separately filed petition of charges by the Attorney Grievance Committee for the First Judicial Department is denied as moot; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Matthew Charles McMurdo, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Matthew Charles McMurdo, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Matthew Charles McMurdo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 31, 2026